IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

KEVIN A. RIDEOUT,

        Petitioner,

v.                                                       Civil Action No. 2:07CV54
                                                       Criminal Action No. 2:00CR7-12

UNITED STATES OF AMERICA,        (JUDGE STAMP)

        Respondent.

**REPORT AND RECOMMENDATION
THAT §2255 MOTION BE DENIED**

**I. INTRODUCTION**

On July 13, 2007, the *pro se* petitioner filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody.[1] On July 17, 2007, the Government was ordered to answer petitioner's Motion Under 28 U.S.C. § 2255.[2] The Government filed a Motion for Extension of Time to File Response on July 31, 2007,[3] which was granted on August 1, 2007.[4] The Government filed a Response on September 28, 2007.[5] On October 22, 2007, petitioner filed Traverse of the Petitioner to the Respondent's Response in Opposition to Petitioner's Motion Under 28 U.S.C. § 2255.[6]

---

[1] Docket No. 1079

[2] Docket No. 1080

[3] Docket No. 1083

[4] Docket No. 1084

[5] Docket No. 1088

[6] Docket No. 1089

## II. FACTS

**A.     Conviction and Sentence**

On May 11, 2001, a jury found petitioner guilty of Count 1 (Cocaine Conspiracy in violation of 21 U.S.C. § 846), and Counts 21, 22, and 24 (Aiding & Abetting in the Distribution of Crack Cocaine in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2) of the indictment returned in Criminal Action No. 2:00CR7.

On April 4, 2002, petitioner was sentenced to 262 months of incarceration for Count 1, and 240 months of incarceration for Counts 21, 22, and 24, to run concurrently with the sentenced imposed in Count 1. In addition to incarceration, petitioner was sentenced to a total term of five years of supervised release (5 years for Count 1, and 3 years for each of Counts 21, 22, and 24 - all to be served concurrently).

**B.     Appeal**

Petitioner filed a Notice of Appeal on April 9, 2002. The United States Court of Appeals for the Fourth Circuit affirmed petitioner's conviction and sentence on December 29, 2003.

Petitioner then filed an appeal with the United States Supreme Court, who vacated the Fourth Circuit's decision and remanded the case for further consideration in light of the holdings of United States v. Booker, 543 U.S. 220 (2005).

The United States Court of Appeals for the Fourth Circuit, again, affirmed petitioner's conviction on July 31, 2006, filing its Mandate on August 22, 2006.

**C.     Federal Habeas Corpus**

Petitioner contends that his counsel rendered ineffective assistance:

1) because counsel did not object or request curative jury instructions when the

Government introduced evidence of co-conspirators' guilty pleas.

2) because counsel failed to raise on appeal a violation of petitioner's Sixth Amendment rights due to prosecutorial misconduct in introducing co-conspirators' guilty pleas at trial.

3) because counsel never gave his informed opinion on whether to accept the Government's plea offer.

4) because counsel failed to object when the Court enhanced petitioner's sentence for obstruction of justice.

5) because counsel failed to raise on direct appeal that the jury returned a "general verdict" that did not specify a particular controlled substance and amount.

6) because counsel did not investigate and familiarize himself with a) drug evidence from the West Virginia State Police Crime Lab, b) impeachment evidence of United States witness Melanie Smith, and c) supplemental witness lists.

7) because counsel failed to raise on direct appeal that the evidence, if sufficient to prove a conspiracy, proved multiple conspiracies, and not one overarching conspiracy.

The Government contends:

1) Prosecutors admitted evidence properly and proper jury instructions were given.

2) There was no prosecutorial misconduct.

3) Defense counsel properly advised and represented client.

4) The issue of enhanced sentencing for obstruction of justice was raised on appeal and is now moot.

5) The issue regarding the alleged use of a "general verdict" was raised on appeal and is

now moot.

6) Defense counsel was familiar with discovery materials and used them for the benefit of        petitioner.

7) Single versus multiple conspiracies issue was raised on direct appeal and is moot.

**D.     Recommendation**

Based upon a review of the record, the undersigned recommends that the petitioner's §2255 motion be denied and dismissed from the docket because petitioner's claims are without merit.

### III.  ANALYSIS

**A.     Petitioner's Burden of Proof**

"A petitioner collaterally attacking his sentence or conviction bears the burden of proving his sentence or conviction was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose such a sentence, that the sentence exceeded the maximum authorized by law, or that the sentence otherwise is subject to collateral attack. 28 U.S.C. § 2255. A motion collaterally attacking a petitioner's sentence brought pursuant to § 2255 requires the petitioner to establish his grounds by a preponderance of the evidence." Sutton v. United States of America, 2006 WL 36859 *2 (E.D.Va. Jan. 4, 2006).

**B.     Procedural Default**

The Court finds petitioner is not procedurally barred from raising claims of ineffective assistance of counsel in his present § 2255 motion. It is well settled that issues previously rejected on direct appeal may not be raised in a collateral attack. Boeckenhaupt v. United States, 537 F.2d 1182 (4th Cir. 1976). Constitutional errors that were capable of being raised on direct

appeal but were not may be raised in a § 2255 motion so long as the petitioner demonstrates 1) "cause" that excuses his procedural default, and 2) "actual prejudice" resulting from the alleged error. United States v. Maybeck, 23 F.3d 888, 891 (4th Cir. 1994). Claims of ineffective assistance of counsel not raised on direct appeal and raised on collateral attack do not require a "cause and prejudice" showing because these claims are more appropriately raised on collateral attack than on direct appeal. See United States v. Richardson, 195 F.3d 192 (4th Cir. 1999), cert. denied, 528 U.S. 1096 (2000); White v. United States, 2006 U.S. Dist. LEXIS 45122, at *7-8 (S.D. W.Va. June 20, 2006).

**C.      Ineffective Assistance of Counsel**

Claims of ineffective assistance of counsel are measured under a two-part analysis outlined in Strickland v. Washington, 466 U.S. 668, 687 (1984). First, the petitioner must show that his counsel's performance fell below an objective standard of reasonableness. Id. at 688. In reviewing claims of ineffective assistance of counsel, "judicial scrutiny of counsel's performance must be highly deferential," and the court "must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Id. at 689-90. Second, the petitioner must demonstrate he was prejudiced by counsel's performance. In order to demonstrate prejudice, "the defendant must show there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. If the defendant shows no prejudice from the alleged ineffectiveness of counsel, courts need not address counsel's performance. Fields v. Att'y Gen. of Maryland, 956 F.2d 1290, 1297 (4th Cir.), cert. denied, 506 U.S. 885 (1992).

Following is a discussion of each of petitioner's ineffective assistance of counsel claims.

1. **<u>Claim 1: Whether Counsel Rendered Ineffective Assistance in Failing to Object or Request Curative Jury Instructions When the United States Introduced Evidence of Co-Conspirators' Guilty Pleas</u>**.

    Petitioner alleges Assistant United States Attorneys Muncy and Camilletti improperly introduced evidence of co-conspirators' guilty pleas during opening statements, nine direct examinations, and during closing argument. For support, petitioner lifts sections of the trial transcript which reference guilty pleas, including AUSA Muncy's reference in her opening statement that twelve of twenty co-conspirators had pleaded guilty and would be testifying at trial; direct examinations conducted by both AUSA's where questions elicited a response about guilty pleas; and AUSA Camilletti's closing argument in which he stated that a series of defendants had entered guilty pleas. Because petitioner's counsel did not object at any of these times to contest further introduction and discussion of guilty pleas or request curative jury instructions, petitioner claims that his counsel was ineffective.

    While there is danger that the discussion of plea agreements at trial may "convey [] the unspoken message that the prosecutor knows what the truth is and is assuring its revelation," the Fourth Circuit has held that:

    > the government may elicit testimony regarding a plea agreement only if: (1) the prosecutor's questions do not imply that the government has special knowledge of the witness' veracity; (2) the trial judge instructs the jury on the caution required in evaluating the witness' testimony; and (3) the prosecutor's closing argument contains no improper use of the witness' promise of truthful cooperation.

    <u>United States v. Romer</u>, 148 F.3d 359, 369 (4th Cir. 1998), <u>cert</u>. <u>denied</u>, 525 U.S. 1141 (1999), citing <u>United States v. Henderson</u>, 717 F.2d 135, 137-8 (4th Cir. 1983).

    The Court finds that petitioner's claim is without merit. None of petitioner's examples of

6

perceived Government impropriety demonstrate an implication of special knowledge of witness veracity. During opening statements, AUSA Muncy only stated that twelve of the original twenty defendants had pleaded guilty and would testify at trial. During direct examinations by AUSAs Muncy and Camilletti, questions regarding plea agreements were minimal, straightforward, and primarily elicited only that a co-conspirator had pleaded guilty and that the plea was by way of an agreement.

Furthermore, the Court gave proper jury instructions specifically regarding the guilty pleas of co-conspirators:

> The fact that an alleged accomplice or alleged co-conspirator has entered a plea of guilty in this case is not evidence that the defendant in this trial is guilty in this trial, and you cannot consider this against a defendant in this trial in any way.

Finally, petitioner does not show that the prosecution improperly used a witness' promise of truthful cooperation during closing argument. Petitioner only references a statement by AUSA Camilletti as proof: "There were a series of defendants who entered guilty pleas and testified, but controlled buys continued." This statement is not improper because it does not contain or reference promises of truthful cooperation. Thus, petitioner's claim of improperly introduced guilty pleas fails under the Romer test.

Because the Court finds that guilty pleas were properly introduced and discussed, petitioner is unable to sustain his claim of ineffective assistance of counsel on this issue. Petitioner cannot demonstrate deficiency of counsel or prejudice under the Strickland framework when no irregularity is found on the underlying issue which purportedly gave rise to counsel's ineffectiveness. For the aforementioned reasons, petitioner's claim fails.

**2.    Claim 2: Whether Counsel Rendered Ineffective Assistance in Failing to Raise on Appeal a Violation of Petitioner's Sixth Amendment Rights Due to Prosecutorial Misconduct.**

Petitioner contends that there was prosecutorial misconduct in the introduction of co-conspirators' guilty pleas because such evidence is prohibited, and that appellate counsel's failure to raise this "dead bang winner" issue on direct appeal evidences counsel's ineffective assistance.

"[R]eversible prosecutorial misconduct generally has two components: that (1) the prosecutor's remarks or conduct must in fact have been improper, and (2) such remarks or conduct must have prejudicially affected the defendant's substantial rights so as to deprive the defendant of a fair trial." United States v. Chorman, 910 F.2d 102, 103 (4th Cir. 1990) (internal quotations omitted).

The Court determined above that the AUSAs did not improperly introduce or discuss co-conspirators' guilty pleas. As a result, petitioner cannot establish the improper conduct/remark prong for reversible prosecutorial misconduct. Furthermore, if there was no prosecutorial misconduct, appellant counsel cannot be considered deficient per Strickland, 466 U.S. at 687 for not raising the issue on appeal. Petitioner's claim fails.

**3.    Claim 3: Whether Counsel Rendered Ineffective Assistance in Failing to Give His Informed Opinion on Whether to Accept the Government's Plea Offer.**

Petitioner asserts that his counsel proved ineffective because counsel never gave his informed opinion on whether petitioner should accept or reject the Government's plea offer. For support, petitioner alleges that counsel: informed him of the plea offer, did not inform petitioner about the overall strength of the Government's case, and "had counsel used a considerable amount of persuasion" to "convince" petitioner that the plea offer was more favorable than going

8

to trial, petitioner would have accepted the offer.

During plea negotiations, the Fourth Circuit has imposed the following duties: "1) notify the client of a plea offer; 2) advise the client of the option to proceed to trial; 3) present the client with the probable outcomes of both the guilt and sentencing phases of each alternative; and 4) permit the client to make the ultimate decision." Jones v. United States, 2008 U.S. Dist. LEXIS 24908, at *7, (D. Md. Mar. 28, 2008), relying on Jones v. Murray, 947 F.2d 1106, 1110-1111 (4th Cir. 1991).

The Court finds petitioner's argument is without merit. Petitioner was obviously notified of the plea offer because he recognizes that counsel presented it to him, and can recall particular aspects of the proposed offer. Petitioner was clearly advised of his option to proceed to trial because he selected that option. It is on the third prong of counsel responsibility to present probable outcomes that petitioner first takes issue by claiming that he was not "informed of the overall strenght [sic] of the governments [sic] case." However, petitioner specifically states in his motion that the Government's evidence was "overwhelming," "supported by at least 50 witnesses," and "numerous videoed [sic] controlled buys." Hence, by making such admissions, and because the United States submitted witness lists to the petitioner well in advance of trial, and petitioner also viewed, with his counsel, some video recording evidence captured during the investigation of petitioner's case, petitioner cannot claim that he was not apprised of the strength of the Government's case against him

Furthermore, petitioner's contention that he would have accepted the plea offer if counsel had used a "considerable amount of persuasion," is without merit. "[A] lawyer must take care not to coerce a client into either accepting or rejecting a plea offer. See Jones v. Murray, 947

9

F.2d at 1111 ["[V]arious [ABA] Standards place [ ] upon counsel an affirmative duty to avoid exerting 'undue influence on the accused's decision' and to 'ensure that the decision...is ultimately made by the defendant.'" (quoting Standards for Criminal Justice 4-5.1(b) & 14-3.2(b))]." See also Purdy v. United States, 208 F.3d 41, 45 (2nd Cir. 2000). Accordingly, petitioner's counsel was under no duty to persuade petitioner to take the plea offer. In short, counsel performed within the boundaries of Jones by not persuading, whereas, petitioner essentially contends that counsel should have proceeded in a constitutionally ineffective manner by using a "considerable amount of persuasion."

Petitioner's claim fails.

4.  **Claim 4: Whether Counsel Rendered Ineffective Assistance in Failing to Object When the Court Enhanced Petitioner's Sentence for Obstruction of Justice**.

Petitioner contends that counsel's failure to object to the obstruction of justice enhancement, and thereby preserve the challenge on the record, falls below an objective standard of reasonableness. Petitioner supports his argument by noting that if counsel had objected, the standard of review at the appellate level would have been for harmless error, and not plain error, which he was previously unable to overcome.

The Court rejects petitioner's contention because he is unable to demonstrate prejudice. "The failure of counsel to object to an improper application of the sentencing guidelines may amount to ineffective assistance of counsel." United States v. Breckenridge, 93 F.3d 132, 136 (4th Cir. 1996). The sentencing court raised petitioner's offense level by two levels from 32 to 34 for obstruction of justice based on an alleged threat to a Government witness. However, the Court in United States v. Rideout, 2006 WL 2141257 at *1 (4th Cir. 2006) identified that petitioner's sentence was imposed in violation of United States v. Booker, 543 U.S. 220 (2005)

10

because of a Sixth Amendment error. Specifically, there was a Sixth Amendment error because the obstruction of justice enhancement was imposed without the threat being found by the jury or admitted to by petitioner. Rideout, 2006 WL 2141257 at *1. Consequently, since counsel did not object to this improper application of sentencing guidelines, counsel was not "functioning as the 'counsel' guaranteed the Defendant by the Sixth Amendment," Strickland, 466 U.S. at 687, during the sentencing phase of trial. At the higher offense level, petitioner could have been sentenced to as many as 65 more months imprisonment.

Nevertheless, in Lockhart v. Fretwell, 506 U.S. 364, 369 (1993), the Court expanded upon the Strickland factors to note that analyzing ineffective assistance of counsel claims based solely on outcome determination is flawed. Just because the standard of review for petitioner would have been different if counsel had objected is not, by itself, a sufficient demonstration of prejudice.

Furthermore, harmless error analysis is virtually the same analysis as prejudicial analysis because, "[i]t would be illogical... to assess the effect of the error for purposes of deciding prejudice under Strickland. . . but find that we are unable to evaluate the effect of this error in determining prejudice for purposes of harmless error analysis." Smith v. Dixon, 14 F.3d 956 (4th Cir. 1994). Petitioner was sentenced to 262 months incarceration, and even when the enhancement was removed, given petitioner's offense level and criminal history category, 262 months incarceration is still within the guideline range. Further, this Court, like the United States Court of Appeals for the Fourth Circuit, finds that the record is absent of anything that could provide a basis for concluding that a lower sentence would have been imposed if the guidelines were not mandatory. Rideout, 2006 WL 2141257 at *1. Thus, petitioner cannot

demonstrate prejudice.

Because petitioner cannot establish prejudice, his claim fails.

5. **Claim 5: Whether Counsel Rendered Ineffective Assistance in Failing to Raise on Appeal That the Jury Returned a "General Verdict" That Did Not Specify a Particular Controlled Substance and Amount**.

Petitioner argues that appellate counsel should have raised the issue of wrongful sentencing because the jury returned a "general verdict" that did not specify a particular controlled substance or amount. Petitioner further contends that he would have therefore been entitled to a re-sentencing under the drug which carried the most lenient sentence.

The Court finds that this claim is without merit because petitioner is simply mistaken about the jury returns. Count One of the indictment, for which petitioner was found guilty, cites 21 U.S.C. § 841(b)(1)(A)(iii) which states:

> (1)(A) In the case of violation of subsection (a) of this section involving–
> 50 grams or more of a mixture or substance described in clause (ii) which contains cocaine base. . .
> Such person shall be sentenced to a term of imprisonment which may not be less than 10 years or more than life. . .

Thus, because petitioner knew that he was charged with Count One, and Count One referenced 21 U.S.C. § 841(b)(1)(A)(iii), petitioner was aware that the alleged drug was cocaine base, the quantity was at least 50 grams, and the potential sentence was between 10 years and life imprisonment.

Furthermore, a special interrogatory was submitted to the jury to determine the drug amount for Count One. The special interrogatory provided:

> Special Interrogatory
>
> Please answer the following special interrogatory only if the jury has found one or more of the defendants guilty of the crime charged in Court I (Conspiracy), beyond a

12

reasonable doubt.
    A)    Having found the defendant(s) guilty in Count I, the jury further finds beyond a reasonable doubt that the crime involved (please select one of the following):
1. Fifty (50) grams or more of cocaine base also known as "crack."
2. Five (5) grams or more of cocaine base, also known as "crack."
3. Less than Five (5) grams of cocaine base, also known as "crack."

The jury answered "yes" to question one and "no" to questions 2 and 3. Therefore, the petitioner was found beyond a reasonable doubt to have engaged in a conspiracy involving 50 grams or more of crack.

For the aforementioned reasons, petitioner cannot claim that counsel was ineffective in not raising an issue on appeal when there was no issue to raise. See Smith v. Robbins, 528 U.S. 259, 288 (2000). Ergo, this claim fails.

**6.**     **Claim 6: Whether Counsel Rendered Ineffective Assistance by Failing to Investigate and Familiarize Himself with Discovery Materials**.

Claims of ineffective assistance of counsel for failure to investigate are analyzed in light of all circumstances, and while "[counsel] could well have made a more thorough investigation than he did. [] [n]evertheless, in considering claims of ineffective assistance of counsel, '[w]e address not what is prudent or appropriate, but only what is constitutionally compelled.'" Burger v. Kemp, 483 776, 794 (1987) (quoting United States v. Cronic, 446 U.S. 648, 665 n. 38 (1984)).

    **A.**     **Whether Counsel Rendered Ineffective Assistance by Failing to Investigate and Familiarize Himself with Drug Evidence from the West Virginia State Police Crime Lab.**

Petitioner argues that counsel failed to investigate and familiarize himself with evidence from the West Virginia State Police Crime Lab because trial counsel filed a motion to suppress this evidence based on a purported delay in the Government's delivery, and that later in the

13

Court's ruling on defense counsel's motion for acquittal, the Court found that defendant was not prejudiced if any delay existed.

It is worth noting, again, that in reviewing the deficient prong in claims of ineffective assistance of counsel, the court "must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Strickland v. Washington, 466 U.S. 668 at 689-90 (1984)

The Court finds that petitioner's claim is without merit. Petitioner does not demonstrate that counsel ignored the Government's evidence or failed to familiarize himself with it. The fact that counsel filed a motion to suppress based upon a purported Government delay demonstrates counsel's willingness to investigate and make the most beneficial argument for petitioner. Furthermore, the basis of this argument is that counsel was not familiar with specific evidence, but petitioner does not show what aspects counsel was unfamiliar with that would indicate deficient conduct or how it negatively impacted petitioner. Petitioner has not met his burden.

> **B.** **Whether Counsel Rendered Ineffective Assistance by Failing to Investigate and Familiarize Himself with Impeachment Evidence of United States Witness Melanie Smith**.

Petitioner argues that because counsel admitted in a bench conference that he was not familiar with and did not have impeachment materials on Government witness, Melanie Smith, that his counsel proved ineffective.

Petitioner is correct that counsel did make such an admission. However, petitioner fails to demonstrate deficiency or prejudice. After counsel's admission, counsel still proceeded to cross examine the witness and successfully drew admissions from Smith which could call her credibility into question. Specifically, counsel was able to get Smith to admit that "crack"

14

affected her memory, that she had difficulty remembering dates and times, and that when taking crack "later on it is hard to remember things." Thus, counsel did not prove deficient. Actually, counsel protected defendant's interest in eliciting damaging testimony from a Government witness.

Moreover, in United States v. Hoyte, 51 F.3d 1239, 1243 (4th Cir. 1995), the Court noted that there is no impropriety regarding impeachment where further impeachment is not within the reasonable probability after the cumulative impeachment of a witness. Here, three of five co-defendants' defense counsels cross examined the witness. In addition to the admissions made by Ms. Smith during cross examination by petitioner's counsel, counsel for other defendants were able to elicit that Ms. Smith had been convicted of forgery, that she was high "all the time" when she was with defendants, that she cannot remember half of what she does, that she is a crack addict, a habitual user for eight years, and that she had used crack as recently as a week prior to trial. Putting all of Ms. Smith's admissions together after cross-examination by three defense counsels, the admissions were significant enough to call her character and ability to recall into serious question. Hence, it is unlikely that any further cross examination would have elicited anything substantive. Petitioner's claim fails.

    **C.**    **Whether Counsel Rendered Ineffective Assistance by Failing to Investigate and Familiarize Himself with Supplemental Witness Lists**.

Petitioner argues that when counsel mistakenly objected to a Government witness, Dixie Layman, being called it evidenced counsel's unfamiliarity with the case and ineffectiveness.

Although "a lawyer's failure to investigate a witness who has been identified as crucial may indicate an inadequate investigation, the failure to investigate everyone whose name

15

happens to be mentioned by the defendant does not suggest ineffective assistance." Huffington v. Nuth, 140 F.3d 572, 580 (4th Cir. 1998). Additionally, Counsel's performance is to be evaluated "from counsel's perspective at the time of the alleged error and in light of all of the circumstances and the standard of review is highly deferential." Kimmelman v. Morrison, 477 U.S. 365, 381 (1986).

The Court finds that petitioner's claim fails because it lacks merit. Reviewing the circumstances alone–this was a nine day drug conspiracy trial involving five defendants, and Ms. Layman's name appeared on the United States' third supplemental witness list–it is certainly reasonable that counsel may not have remembered her specific name. More importantly, petitioner does not demonstrate how this mistaken objection was deficient counseling or how it prejudiced him. Actually, petitioner's counsel prepared over night to cross-examine Ms. Layman, and, in fact, did cross examine her the following morning. In light of all circumstances, counsel aided petitioner.

Petitioner's claim fails.

7. **Claim 7: Whether Counsel Rendered Ineffective Assistance in Failing to Raise on Direct Appeal That the Evidence, If Sufficient to Prove a Conspiracy, Proved Multiple Conspiracies, and Not One Overarching Conspiracy.**

Petitioner argues that the evidence submitted to the jury by the Government, if sufficient to show a conspiracy, was sufficient only to show multiple conspiracies, and not the overarching conspiracy alleged in the indictment. For support, petitioner relies on small sections of the testimony of David Miller, Special Agent with the Drug Enforcement Administration, wherein Miller referenced his initial work in multiple drug investigations, involving other parties in connection with this conspiracy. Petitioner also relies upon the testimony of Rebecca Michael

that there was an organization called the Florida Boys hustling crack in Keyser, West Virginia. Petitioner submits that this demonstrates smaller conspiracies, not one overarching conspiracy. Petitioner further notes the opinion of the Court of Appeals for the Fourth Circuit, where the Court notes that "[b]ecause Rideout did not include this argument in his brief. . .the argument is not properly before us." United States v. Rideout, 2003 WL 22673668 at *4, n. 8 (4th Cir. 2003) cert. denied, vacated, and remanded 543 U.S. 1116 (2005). As a result, petitioner claims that counsel's failure to properly raise the issue amounts to ineffective assistance.

Counsel is not obligated to assert all nonfrivolous issues on appeal. Jones v. Barnes, 463 U.S. 745, 750 (1983). In determining whether an individual was provided ineffective assistance of counsel on appeal, the court must presume appellate counsel decided which issues would be most successful on appeal. Pruett v. Thompson, 996 F.2d 1560, 1568 (4th Cir. 1993), cert. denied, 510 U.S. 984 (1993). In fact, the Supreme Court noted as follows:

> Legal contentions, like the currency, depreciate through over-issue. The mind of an appellate judge is habitually receptive to suggestion that a lower court committed an error. But receptiveness declines as the number of assigned errors increases. Multiplicity hints at lack of confidence in any one. . . [E]xperience on the bench convinces me that multiplying assignments of error will dilute and weaken a good case and will not save a bad one.

Barnes, 463 U.S. at 752 (quoting Jackson, Advocacy Before the Supreme Court, 25 Temple L.Q. 115, 119 (1951)).

"Notwithstanding Barnes, it is still possible to bring a Strickland claim based on counsel's failure to raise a particular claim [on direct appeal] but it is difficult to demonstrate that counsel was incompetent." Smith v. Robbins, 528 U.S. 259, 288 (2000). "Generally, only when ignored issues are clearly stronger than those presented will the presumption of effective assistance of counsel be overcome." Id.

17

The Court finds petitioner's contention unpersuasive. Counsel raised seven issues on direct appeal which were answered by the Court of Appeals for the Fourth Circuit. Raising seven issues on appeal is a substantial number, and there is no indication that the multiple versus single conspiracy issue would have merit, even if it had been properly before the court. Petitioner's one paragraph recitation of limited testimony from two witnesses is a weak enough argument on its own because petitioner does not contend how this testimony proves multiple conspiracies. Further, because the argument for multiple conspiracies fails on its own, petitioner's argument that counsel rendered ineffective assistance in failing to raise this issue on direct appeal certainly fails under the more rigorous standards of Smith, which requires that the unraised "issues are clearly stronger than those presented." Id. That is not the case here.

Relief should be denied on this claim.

## V. RECOMMENDATION

For the foregoing reasons, the undersigned recommends that Petitioner's §2255 motion be **DENIED** and dismissed from the docket.

Within ten (10) days after being served with a copy of this report and recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the Honorable Frederick P. Stamp, Jr., United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985): United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket.

DATED: June 12, 2008

                                          /s/ James E. Seibert
                                          JAMES E. SEIBERT
                                          UNITED STATES MAGISTRATE JUDGE