IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

KEVIN A. RIDEOUT,

        Petitioner,

v.                            Civil Action No. 2:07CV54
                              (Criminal Action No. 2:00CR7-12)
UNITED STATES OF AMERICA,               (STAMP)

        Respondent.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE**

I.  Procedural History

The pro se[1] petitioner, Kevin A. Rideout ("Rideout"), filed a petition under 28 U.S.C. § 2255 to vacate, set aside or correct sentence by a person in federal custody.  In response to an order directing the respondent to answer, the respondent filed a response to the petitioner's § 2255 petition to which the petitioner filed a document entitled "Traverse of the Petitioner to the Respondent's Response in Opposition to Petitioner's Motion Under 28 U.S.C. § 2255."

This matter was referred to United States Magistrate Judge James E. Seibert for initial review and report and recommendation pursuant to Local Rule of Prisoner Litigation 83.15.  Following review, Magistrate Judge Seibert submitted a report and recommendation recommending that the petitioner's § 2255 petition

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer.  Black's Law Dictionary 1237 (7th ed. 1999).

be denied.  The magistrate judge informed the petitioner that if he objected to any portion of the recommendation for disposition, he must file written objections within ten days after being served with a copy of the recommendation.  The petitioner filed timely objections to the report and recommendation.  For the reasons set forth below, this Court finds that the report and recommendation by the magistrate judge should be affirmed and adopted in its entirety, and that the petitioner's § 2255 motion to vacate, set aside or correct sentence should be denied and dismissed.

## II.  Facts

On May 11, 2001, the petitioner was found guilty by a jury in the Northern District of West Virginia for one count of cocaine conspiracy in violation of 21 U.S.C. § 846, and three counts of aiding and abetting in the distribution of crack cocaine in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2.

On April 4, 2002, the petitioner was sentenced to 262 months of incarceration for the cocaine conspiracy count and 240 months of incarceration for the three counts of aiding and abetting in the distribution of crack cocaine, to run concurrently.  The petitioner appealed, and the Fourth Circuit affirmed his conviction and sentence.  The petitioner then filed an appeal with the United States Supreme Court, who vacated the Fourth Circuit's decision and remanded the case for further consideration in light of United States v. Booker, 543 U.S. 220 (2005).  On remand, the Fourth Circuit again affirmed the petitioner's conviction and sentence.

### III. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous." See Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979). Because the petitioner has filed objections, this Court will undertake a de novo review as to those portions of the report and recommendation to which objections were made.

### IV. Discussion

In his petition, the petitioner claims that he is entitled to relief under § 2255 because he had ineffective assistance of counsel. Specifically, the petitioner asserts the following claims:

(1) Claim One: The petitioner alleges that he received ineffective assistance of counsel because counsel failed to object or request curative jury instructions when the government introduced evidence of co-conspirators' guilty pleas.

(2) Claim Two: The petitioner alleges that he received ineffective assistance of counsel because counsel did not raise on appeal a violation of the petitioner's Sixth Amendment rights due to prosecutorial misconduct in introducing the co-conspirators' guilty pleas at trial.

(3) Claim Three: The petitioner alleges that he received ineffective assistance of counsel because counsel did not give the petitioner an informed opinion on whether to accept or reject the government's plea offer.

(4) <u>Claim Four</u>: The petitioner alleges that he received ineffective assistance of counsel because counsel failed to object when the Court enhanced the petitioner's sentence for obstruction of justice.

(5) <u>Claim Five</u>: The petitioner alleges that he received ineffective assistance of counsel because counsel did not raise on appeal that the jury returned a "general verdict" that did not specify a particular controlled substance and amount.

(6) <u>Claim Six</u>: The petitioner alleges that he received ineffective assistance of counsel because counsel did not investigate or familiarize himself with (a) drug evidence from the West Virginia State Police Crime Lab; (b) impeachment evidence of United States witness Melanie Smith; and (c) supplemental witness lists.

(7) <u>Claim Seven</u>: The petitioner alleges that he received ineffective assistance of counsel because counsel did not raise on appeal that the evidence, if sufficient to prove a conspiracy, proved multiple conspiracies, and did not prove the one overarching conspiracy in the indictment.

This Court finds that the petitioner has failed to satisfy the two-pronged analysis provided by <u>Strickland v. Washington</u>, 466 U.S. 668 (1984), to establish a right to an amended sentence or new trial based upon ineffective assistance of counsel. <u>Id.</u> at 687 (providing that defendant must first show counsel's performance fell below an objective standard and next show that the defendant was prejudiced by the counsel's performance). This Court will address each of the petitioner's claims regarding ineffective assistance of counsel in turn.

A.   <u>Claim One</u>

The petitioner alleges that because his counsel did not object or request curative jury instructions when the Assistant United States Attorneys ("AUSAs") introduced evidence of co-conspirators'

guilty pleas during opening statements, direct examinations, and closing arguments, he received ineffective assistance of counsel. The petitioner reiterates this same argument in his objections to the magistrate judge's report and recommendation.

This Court overrules the petitioner's objections and agrees with the magistrate judge that the petitioner's first claim lacks merit. The Fourth Circuit has held that

> the government may elicit testimony regarding a plea agreement only if: (1) the prosecutor's questions do not imply that the government has special knowledge of the witness' veracity; (2) the trial judge instructs the jury on the caution required in evaluating the witness' testimony; and (3) the prosecutor's closing argument contains no improper use of the witness' promise of truthful cooperation.

United States v. Romer, 148 F.3d 359, 369 (4th Cir. 1998), cert. denied, 525 U.S. 1141 (1999) (citing United States v. Henderson, 717 F.2d 135, 137-38 (4th Cir. 1983)). The petitioner's examples of the government's alleged improper introduction of the co-conspirators' plea agreements do not violate these safeguards. Indeed, the petitioner has not demonstrated that any of the AUSAs' statements implicated special knowledge of witness veracity or contained improper use of a co-conspirator's promise of truthful cooperation. Furthermore, the Court provided the jury with the following instructions regarding co-conspirators' guilty pleas:

> The fact that an alleged accomplice or alleged co-conspirator has entered a plea of guilty in this case is not evidence that the defendant in this trial is guilty in this trial, and you cannot consider this against a defendant in this trial in any way.

Accordingly, because the guilty pleas were properly introduced, the petitioner's ineffective assistance of counsel argument in Claim One must fail.

B.   <u>Claim Two</u>

In conjunction with his first claim, the petitioner alleges that he received ineffective assistance of counsel because his counsel did not raise on appeal the AUSAs' prosecutorial misconduct in mentioning the co-conspirators' guilty pleas.   In his objections, the petitioner asserts that this claim was a "dead bang winner," and that had it been raised on appeal, his sentence and conviction would have been vacated.

As noted by the magistrate judge in his report and recommendation, "reversible prosecutorial misconduct generally has two components: that (1) the prosecutor's remarks or conduct must in fact have been improper, and (2) such remarks or conduct must have prejudicially affected the defendant's substantial rights so as to deprive the defendant of a fair trial." <u>United States v. Chorman</u>, 910 F.2d 102, 103 (4th Cir. 1990) (internal quotations omitted).   This Court has already decided in section II.A of this memorandum opinion and order that the AUSAs' remarks were not improper.   Accordingly, the petitioner cannot satisfy the first prong necessary for reversible prosecutorial misconduct, and Claim Two must be denied.

C.    Claim Three

In this claim, the petitioner alleges that his counsel was ineffective because he never gave the petitioner his informed opinion on whether to accept or reject the government's plea offer. Rather, the petitioner claims that counsel only informed him of the plea offer without discussing the overall strength of the government's case, and that "had counsel used a considerable amount of persuasion" to "convince" the petitioner that the plea offer was more favorable than trial, he would have accepted the offer.

Defense counsel must undertake the following duties during plea negotiations: "(1) notify the client of a plea offer; (2) advise the client of the option to proceed to trial; (3) present the client with the probable outcomes of both the guilt and sentencing phases of each alternative; and (4) permit the client to make the ultimate decision."  Jones v. United States, 2008 U.S. Dist. LEXIS 24908, at *7 (D. Md. Mar. 28, 2008) (citing Jones v. Murray, 947 F.2d 1106, 1110-1111 (4th Cir. 1991)).

Undoubtedly, the petitioner's counsel notified the petitioner of the plea offer, advised the client of the option to proceed to trial, and ultimately, permitted the client to make the decision whether to accept or reject the government's plea offer.  The only prong that the petitioner contests, therefore, is whether counsel presented the petitioner with the probable outcome of proceeding to trial by informing the petitioner of the overall strength of the government's case.

This Court agrees with the magistrate judge that the petitioner was well apprised of the strength of the government's case against him. In his § 2255 petition, the petitioner admits that "[t]he government evidence in the instant case was overwhelming. The government case was supported by at least 50 witnesses, numerous videoed controlled buys by undercover agents, etc." (Pet'r's Mot. 15.) In his objections, the petitioner claims that he did not know about the strength of the government's case against him until after trial. This objection lacks merit. Prior to trial, the United States provided the petitioner with witness lists, and the petitioner viewed, with counsel present, video recording evidence captured during the investigation of the petitioner's case. Accordingly, the petitioner cannot claim that he was unaware of the government's case against him.

Moreover, the petitioner's argument that he would have accepted the plea offer if counsel had used a "considerable amount of persuasion" must fail. "[A] lawyer must take care not to coerce a client into either accepting or rejecting a plea offer." <u>Jones v. Murray</u>, 947 F.2d at 1111. Therefore, the petitioner's counsel was under no obligation to persuade the petitioner into accepting the plea agreement. The petitioner, in his objections, claims that the magistrate judge should not have decided this claim without first holding an evidentiary hearing. This Court disagrees. In <u>Sneed v. Smith</u>, 670 F.2d 1348, 1455 (4th Cir. 1982), the court held that an evidentiary hearing was warranted because it was not

possible on the record provided "to determine as a matter of law that [defendant's] counsel either did or did not display the range of competence demanded of attorneys in criminal cases." Such a situation is not currently before this Court. Because counsel may never exert undue influence over a defendant's decision to accept or reject a plea agreement, and similarly must ensure that the decision is ultimately determined by the defendant, the record before this Court, by the petitioner's own admission, conclusively establishes that the petitioner's counsel was not ineffective for failing to persuade the petitioner into accepting the plea agreement. Accordingly, Claim Three must fail.

D.  <u>Claim Four</u>

In Claim Four, the petitioner contends that his counsel was ineffective by failing to object when the court enhanced the petitioner's sentence for obstruction of justice. The petitioner objected to the magistrate judge's recommendation that this claim lacks merit. This Court observes that defendant's objection number one to the presentence investigation report prepared by the United States Probation Officer did specifically object the two-level enhancement for obstruction of justice. Nevertheless, the defendant's objection was overruled by the sentencing court, and the decision of the United States Probation Officer was sustained. This Court believes, however, that the petitioner's claim, as stated, materializes from a misinterpretation of the following

language in the Fourth Circuit's <u>United States v. Rideout</u>, 2006 WL

2141257, at * 1 (4th Cir. 2006), opinion:

> This Court has identified two types of <u>Booker</u> error: a violation of the Sixth Amendment, and a failure to treat the sentencing guidelines as advisory . . . Because Rideout did not raise a Sixth Amendment challenge or object to the mandatory application of the guidelines in the district court, review is for plain error.

(internal citations omitted). To the extent that the petitioner

contends that counsel rendered ineffective assistance by failing to

raise a Sixth Amendment violation before the sentencing court

because the obstruction of justice enhancement was imposed without

the alleged threat to a government witness being found by the jury

or admitted to by the petitioner, this Court finds that the

petitioner's Claim Four lacks merit.

"The failure of counsel to object to an improper application

of the sentencing guidelines may amount to ineffective assistance

of counsel." <u>United States v. Breckenridge</u>, 93 F.3d 132, 136 (4th

Cir. 1996). However, "an analysis focusing solely on mere outcome

determination, without attention to whether the result of the

proceeding was fundamentally unfair or unreliable, is defective."

<u>Strickland</u>, 506 U.S. 364, 369 (1993). As succinctly stated by the

magistrate judge in his report and recommendation, therefore,

"[j]ust because the standard of review for petitioner would have

been different if counsel had objected is not, by itself, a

sufficient demonstration of prejudice."[2]      (Report and Recommendation 11.)

In this case, the petitioner's total offense level was raised by two levels from 32 to 34 for obstruction of justice. Combined with the petitioner's criminal history category of VI, the sentencing guideline range was 262 to 327 months, and the petitioner was sentenced to 262 months imprisonment. Removing the obstruction of justice enhancement so that the petitioner's total offense level is a 32 yields a guideline range of between 210 and 262 months. Accordingly, because 262 months of imprisonment is still within the guideline range, the petitioner's claim is meritless. Moreover, this Court agrees with the magistrate judge and the Fourth Circuit that no proof exists that a lower sentence would have been imposed if the guidelines were not mandatory. Rideout, 2006 WL 2141257 at *1. Thus, Claim Four lacks merit because the petitioner cannot demonstrate prejudice.

E.   Claim Five

In his petition, the petitioner claims that he received ineffective assistance of counsel when counsel failed to raise on appeal the issue of wrongful sentencing because the jury returned a "general verdict" that did not specify a particular controlled substance or amount.  Thus, the petitioner argues that he is entitled to resentencing under the drug which carried the most

_____

[2]The petitioner argues that had counsel properly raised the Sixth Amendment violation the standard of review at the appellate level would have been harmless error rather than plain error.

lenient sentence. These arguments are reasserted in the petitioner's objections to the magistrate judge's report and recommendation.

The petitioner's Claim Five is without merit. Count One of the indictment, for which the petitioner was found guilty, cites 21 U.S.C. § 841(b)(1)(A)(iii), which states as follows:

> (1)(A) In the case of violation of subsection (a) of this section involving - 50 grams or more of a mixture or substance described in clause (ii) which contains cocaine base . . . Such person shall be sentenced to a term of imprisonment which may not be less than 10 years or more than life . . .

Furthermore, a special interrogatory submitted to the jury provided:

> Please answer the following special interrogatory only if the jury has found one or more of the defendants guilty of the crime charged in Count I (Conspiracy), beyond a reasonable doubt.
>
> A) Having found the defendant(s) guilty in Count I, the jury further finds beyond a reasonable doubt that the crime involved (please select one of the following):
>
>> 1. Fifty (50) grams or more of cocaine base also known as "crack."
>>
>> 2. Five (5) grams or more of cocaine base, also known as "crack."
>>
>> 3. Less than Five (5) grams of cocaine base, also known as "crack."

The jury answered "yes" to question one, while answering "no" to questions two and three. The petitioner, therefore, was found beyond a reasonable doubt to have engaged in a conspiracy involving 50 grams or more of cocaine base or "crack." Accordingly, because the petitioner incorrectly argues that the jury returned a "general

verdict" that failed to specify a particular controlled substance or amount, he cannot claim that his counsel was ineffective for not raising this issue on appeal. Thus, the petitioner's Claim Five must fail.

F.   Claim Six

In Claim Six, the petitioner alleges that counsel rendered ineffective assistance by failing to investigate and familiarize himself with discovery materials, particularly drug evidence from the West Virginia State Police Crime Lab, impeachment evidence from United States witness Melanie Smith, and supplemental witness lists. The magistrate judge held that the petitioner's claim must fail. In his objections, the petitioner asserts that counsel's conduct was "unreasonable and egregious at best" and ruined "the reliability of the adversarial testing process."

"In considering claims of ineffective assistance of counsel, we address not what is prudent or inappropriate, but only what is constitutionally compelled." Burger v. Kemp, 483 U.S. 776, 794 (1987) (quoting United States v. Cronic, 466 U.S. 648, 665 n.38 (1984)) (internal quotations omitted). In reviewing the deficiency prong in claims of ineffective assistance of counsel, the court "must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Strickland, 466 U.S. at 689-90. Here, the petitioner claims that counsel failed to investigate and familiarize himself with evidence from the West Virginia State

Police Crime Lab.  This Court agrees with the magistrate judge that the petitioner has not demonstrated that counsel either ignored or failed to familiarize himself with the government's evidence. Rather, counsel's filing of a motion to suppress based upon an alleged government delay demonstrates his willingness to investigate the evidence.

Next, the petitioner claims that counsel rendered ineffective assistance by failing to investigate and familiarize himself with impeachment evidence of United States witness Melanie Smith.  This claim must also fail.  In addition to the petitioner's inability to demonstrate any deficiency or prejudice, a review of the trial transcript reveals that defense counsel was able to draw admissions from the witness that could seriously call her credibility into question.  Thus, the petitioner's counsel did not prove deficient, and actually, elicited damaging testimony from a government witness in benefit of the petitioner at trial.

Lastly, the petitioner claims that counsel's unfamiliarity with the case, as well as his ineffectiveness, was evidenced when he objected to a witness that appeared on the government's third supplemental witness list.  "A lawyer's failure to investigate a witness who has been identified as crucial may indicate an inadequate investigation, the failure to investigate everyone whose name happens to be mentioned by the defendant does not suggest ineffective assistance."  Huffington v. Nuth, 140 F.3d 572, 580 (4th Cir. 1998).  The magistrate judge found that because this was

a nine day drug conspiracy trial involving five defendants, it was certainly reasonable that counsel may not have remembered a witness's name that appeared on the government's third supplemental witness list. Further, the petitioner's counsel prepared throughout the night to cross-examine the witness the following morning. Therefore, the magistrate judge recommended that the petitioner's counsel did not render ineffective assistance and that the petitioner's claim must fail. After a de novo review, this Court agrees, and accordingly, Claim Six, in its entirety, lacks merit.

G. Claim Seven

Finally, the petitioner claims that his counsel was ineffective for failing to raise on appeal that the evidence, if sufficient to prove a conspiracy, may have proved multiple conspiracies, but not the one overarching conspiracy alleged in the indictment. The petitioner's final claim must fail.

Counsel need not assert all nonfrivolous issues on appeal. Jones v. Barnes, 463 U.S. 745, 750 (1983), but is entitled to a presumption that he decided which issues would be most successful on appeal. Pruett v. Thompson, 996 F.2d 1560, 1568 (4th Cir. 1993). The Supreme Court has recognized that

> [l]egal contentions, like the currency, depreciate
> through over-issue. The mind of an appellate judge is
> habitually receptive to suggestion that a lower court
> committed an error. But receptiveness declines as the
> number of assigned errors increases. Multiplicity hints
> at lack of confidence in any one . . . [E]xperience on
> the bench convinces me that multiplying assignments of

15

> error will dilute and weaken a good case and will not
> save a bad one.

Barnes, 463 U.S. at 752 (quoting Jackson, Advocacy Before the Supreme Court, 25 Temple L.Q. 114, 119 (1951)). Nevertheless, although difficult to prove, a petitioner may still bring a Strickland ineffective assistance of counsel claim on appeal. Smith v. Robbins, 528 U.S. 259, 288 (2000). "[O]nly when ignored issues are clearly stronger than those presented will the presumption of effective assistance of counsel be overcome." Id.

In his objections, the petitioner argues that the overarching conspiracy issue was clearly stronger than other issues that counsel raised on appeal. This Court must disagree. The petitioner fails to demonstrate how the testimony from two different witnesses proves multiple conspiracies but not the overarching conspiracy charged in the indictment. Furthermore, counsel raised seven issues, a substantial number, on appeal, and there is no evidence that this issue is clearly stronger, or has greater merit, than those issues counsel ultimately chose to raise. Accordingly, the petitioner's final claim must be denied.

## V.  Conclusion

Based upon a de novo review, this Court finds that the report and recommendation of the magistrate judge should be, and is hereby, affirmed and adopted in its entirety. Accordingly, for the reasons set forth above, the petitioner's § 2255 petition is DENIED. It is further ORDERED that this civil action be DISMISSED WITH PREJUDICE and STRICKEN from the active docket of this Court.

Should the petitioner choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit on the issues to which objection was made, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within 30 days after the date that the judgment order in this case is entered. See Fed. R. App. P. 4(a)(1). Upon reviewing the notice of appeal, this Court will either issue a certificate of appealability or state why a certificate should not be issued in accordance with Federal Rule of Appellate Procedure 22(b)(1). If this Court should deny a certification, the petitioner may request a circuit judge of the United States Court of Appeals for the Fourth Circuit to issue the certificate.

IT IS SO ORDERED.

The Clerk is directed to transmit copies of this order to the petition by certified mail and to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is directed to enter judgment on this matter.

DATED:    February 17, 2009


                              /s/ Frederick P. Stamp, Jr.
                              FREDERICK P. STAMP, JR.
                              UNITED STATES DISTRICT JUDGE