```
                 IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

KEVIN A. RIDEOUT,

    Petitioner,

v.                                    Civil Action No. 2:07CV54
                                      (Criminal Action No. 2:00CR7-12)

UNITED STATES OF AMERICA,                (STAMP)

    Respondent.

**MEMORANDUM OPINION AND ORDER**
**DENYING PETITIONER'S MOTION TO ALTER OR AMEND JUDGMENT**
**PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 59(e)**

I. Background

The pro se[1] petitioner, Kevin A. Rideout, filed a petition under 28 U.S.C. § 2255 to vacate, set aside or correct sentence by a person in federal custody. The matter was referred to United States Magistrate Judge James E. Seibert for initial review and report and recommendation pursuant to Local Rule of Prisoner Litigation 83.15. The magistrate judge entered a report and recommendation recommending that the petitioner's § 2255 petition be denied. On February 17, 2009, this Court affirmed and adopted the ruling of the magistrate judge in its entirety.

The petitioner now moves this Court to alter or amend the order. The respondent filed a response to which the petitioner replied. For the reasons set forth below, this Court denies the petitioner's motion to alter or amend the order.

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1237 (7th ed. 1999).

## II. Applicable Law

The petitioner files his motion to alter or amend pursuant to Federal Rule of Civil Procedure 59(e). The United States Court of Appeals for the Fourth Circuit has recognized three grounds for amending an earlier judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice. See Pacific Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998). "Rule 59(e) motions may not be used . . . to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance." Id. A Rule 59(e) motion may not be used to relitigate old matters and is an extraordinary remedy that should be used sparingly. See id. It is improper to use such a motion to ask the court to "rethink what the court has already thought through--rightly or wrongly." Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983).

## III. Discussion

The essence of the petitioner's argument is that the Court erred in deciding Claims One through Six of his § 2255 petition. In support of his motion, the petitioner essentially restates the issues already addressed by this Court in its memorandum opinion and order denying the petitioner's motion under § 2255.

2

The petitioner's contentions do not cause this Court to reconsider its findings. Indeed, the petitioner is making arguments that this Court has already thoroughly considered and discussed in its February 17, 2009 memorandum opinion and order. The petitioner has not submitted any new evidence that would warrant altering or amending the earlier order. Furthermore, there has been no change in the controlling law since this Court issued its order, and this Court does not find that altering or amending the order is necessary to prevent manifest injustice.

IV. <u>Conclusion</u>

For the reasons stated above, the petitioner's motion to alter or amend this Court's February 17, 2009 memorandum opinion and order affirming and adopting the report and recommendation of the magistrate judge dismissing the petitioner's § 2255 petition is DENIED.

Should the petitioner choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit on issues to which objection was made, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within 30 days after the date that the judgment order in this case is entered. <u>See</u> Fed. R. App. P. 4(a)(1). Upon reviewing the notice of appeal, this Court will either issue a certificate of appealability or state why a certificate should not be issued in accordance with Federal Rule of Appellate Procedure 22(b)(1). If this Court should deny a certification, the petitioner may request a circuit judge of

the United States Court of Appeals for the Fourth Circuit to issue a certificate.

IT IS SO ORDERED.

The Clerk is directed to transmit copies of this order to the petitioner by certified mail and to counsel of record herein.

DATED:    September 4, 2009

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE